UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BELLE MEADOW ESTATES, LLC,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>PETER ARKISON, Chapter 7 Trustee of Tonkka Trucking and Excavation, and VIRGINIA BURDETTE, Chapter 7 Trustee of Enviro-Con Trucking, Inc.<br><br>        Plaintiffs-Appellees,<br><br>  v.<br><br>TT&E LLC, BENJAMIN and DEBORAH TANIELIAN, and RON TANIELIAN,<br><br>        Defendants. | C12-634Z<br><br>ORDER |

THIS MATTER comes before the Court on a motion, docket no. 1, brought by Belle Meadow Estates, LLC ("Belle Meadow") for leave to appeal an interlocutory order entered by the Bankruptcy Court.  The interlocutory order from which Belle Meadow seeks to appeal held that the Bankruptcy Trustees, not Belle Meadow, had standing to pursue alter ego claims against Ron Tanielian, but left open the possibility that Belle Meadow could pursue such claims in state court if they were not resolved in bankruptcy

ORDER - 1

1  proceedings. <u>See</u> Order entered Jan. 31, 2012 (Bankr. W.D. Wash. No. 11-1204-KAO,
2  docket no. 98); Order entered Mar. 13, 2012 (Bankr. W.D. Wash. No. 11-1204-KAO,
3  docket no. 112). The Bankruptcy Trustees subsequently represented to this Court that the
4  claims against Ron Tanielian were either mistakenly asserted in the bankruptcy matter or
5  could be dismissed for other reasons. <u>See</u> Minute Order entered May 15, 2012 (docket
6  no. 5). The parties further indicated that the Bankruptcy Court had required them to
7  engage in mediation efforts and, as a result, the Court struck the noting date for Belle
8  Meadow's motion for leave to appeal, and set a deadline for the parties to file a joint
9  status report. <u>Id.</u> After the parties reported that mediation efforts were unsuccessful, the
10 Court set a new noting date for Belle Meadow's motion, as well as a deadline for
11 supplemental briefing. Minute Order entered June 6, 2012 (docket no. 7). The parties
12 did not file any supplemental briefs.

13 Shortly after the new noting date for Belle Meadow's motion, the Bankruptcy
14 Court dismissed all claims asserted by Trustee Peter Arkison against Ron Tanielian in
15 Adversary Proceeding No. 11-1204. Order entered July 23, 2012 (Bankr. W.D. Wash.
16 No. 11-1204-KAO, docket no. 142). About two weeks later, the Bankrupcty Court
17 authorized Trustee Virginia Burdette to abandon alter ego claims against Ron Tanielian.
18 Order entered Aug. 7, 2012 (Bankr. W.D. Wash. No. 09-23221-KAO, docket no. 310).
19 In light of these developments, Ron Tanielian's related motion to withdraw bankruptcy
20 reference was stricken as moot. Minute Order entered Aug. 30, 2012 (W.D. Wash.
21 No. 12-508Z, docket no. 18).

ORDER - 2

The Court has made numerous telephonic inquiries of Belle Meadow's counsel concerning whether this matter is likewise moot. Upon last contact, Belle Meadow's counsel indicated that a hearing was scheduled before the Bankruptcy Court in November 2012. The Court therefore deferred ruling on Belle Meadow's motion. Since then, Belle Meadow's counsel has not responded to voicemail messages.

Having reviewed the docket in the underlying bankruptcy matter, the Court now understands that, upon motion of Trustee Arkison, the claims in Adversary Proceeding No. 11-1204 against the remaining defendants, TT&E, LLC and Benjamin and Deborah Tanielian, have been resolved by settlement, which was approved by the Bankruptcy Court over Belle Meadow's objection. _See_ Order entered Nov. 13, 2012 (Bankr. W.D. Wash. No. 10-10222, docket no. 120). No appeal from such Order is reflected in the docket.

To the extent Belle Meadow's motion for leave to appeal interlocutory order related solely to the claims against Ron Tanielian, the Court considers the motion to be moot in light of the dismissal or abandonment of such claims by the Bankruptcy Trustees. To the extent Belle Meadow's motion involves claims against the other parties, TT&E, LLC and Benjamin and Deborah Tanielian, the Court considers the motion to be lacking in merit because the bankruptcy proceedings as to such parties have now concluded and an interlocutory appeal will not "materially advance the ultimate termination of the litigation." _In re NSB Film Corp._, 167 B.R. 176, 180 (B.A.P. 9th Cir. 1994) ("Leave to appeal should not be granted unless refusal would result in wasted litigation and expense, the appeal involves a controlling question of law as to which there is a substantial ground

ORDER - 3

for difference of opinion, and an immediate appeal would materially advance the ultimate termination of the litigation.").

**Conclusion**

For the foregoing reasons, Belle Meadow's motion, docket no. 1, for leave to appeal interlocutory order, is DENIED. The Clerk is DIRECTED to CLOSE this case.

Dated this 18th day of January, 2013.

/s/ Thomas S. Zilly
THOMAS S. ZILLY
United States District Judge

ORDER - 4